## F. M. PAYNE v. S. E. FRANCIS.

In an action against a physician for damages arising out of his unskillful treatment of a patient, the court below instructed the jury that if they believed that the plaintiff was injured by the unskillful treatment, ignorance, carelessness, or neglect of the defendant as a physician, they should find for the plaintiff. *Held*, that it was error to instruct the jury as to carelessness or neglect, as no damages were sought on those accounts, and the decree of a court cannot exceed the prayer of the petition.

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

This suit was instituted in the District Court of Lamar county by James T. Francis, the father and next friend of Sarah E. Francis, a minor, against F. M. Payne, a practicing physician, to recover damages for certain injuries to his daughter, occasioned by the unskillfulness of the defendant as a physician. The petition contained no charge of carelessness or neglect, but the principal evidence introduced on the trial of the case tended to show neglect on part of the defendant, and the court below instructed the jury that if they believed the child was injured by the unskillfulness, carelessness, or neglect

of the defendant as physician, they should find for the plaintiff. Verdict and judgment were rendered in favor of the plaintiff. Defendant's motion for a new trial was overruled, whereupon defendant appealed, assigning for error the charge of the court to the jury, and the overruling of defendant's motion for a new trial.

*Terrell & Walker*, and *Dahoney & Dahoney*, for appellant.

No brief for the appellee has reached the hands of the reporter.

OGDEN, J.   This cause must be reversed for errors in the charge of the court to the jury.

Suit was brought against the appellant for damages, resulting from the unskillful treatment of appellee by appellant, as a physician ; and the court charged the jury, "that if they believed " the child was injured by the unskillful treatment, or ignorance, " or carelessness, or neglect of the defendant as physician, then " they should find for the plaintiff." As no damages were asked or sought for carelessness or neglect, it was error to give the jury such an instruction, it being a well-settled principle of law and equity, that the judgment or decree of a court cannot exceed the prayer of the petition.

We are also of the opinion that the court erred in refusing a new trial. There was certainly but little evidence to support the judgment. The only testimony offered by the plaintiff below, to prove the charge of unskillful treatment, was an old lady who made no profession of a knowledge of the practice of medicine ; and even her testimony fell far short of establishing mal-practice or unskillful treatment, while two practicing physicians appear to disprove all suspicions of unskillful treatment.

We are of the opinion that the law and justice demand that appellant have a new trial.   The judgment is therefore reversed and the cause remanded.

Reversed and remanded.